**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

In re:

                                            Chapter 13
                             Case No. 8:18-bk-07601-RCT

**VICTORIA MARIE CURATOLA**

      Debtor.
_____/

**OBJECTION TO CONFIRMATION OF**
**DEBTOR'S PROPOSED CHAPTER 13 PLAN**

Secured Creditor, **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES II TRUST** ("Secured Creditor"), objects to confirmation of the Debtor's proposed Chapter 13 Plan, and states:

1. On September 7, 2018 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 13 of the United States Bankruptcy Code [D.E. 1].

2. On September 17, 2018, the Debtor filed its proposed Chapter 13 Plan [D.E. 10] (the "Plan").

3. Secured Creditor is the owner and holder of that certain promissory note and that mortgage recorded on August 26, 2003, #2003-056151, in OR Book 1715, Page 1949, in the Official Records of Hernando County, Florida, on the property located at *12384 Easthaven Drive, Spring Hill, FL 34609* (the "Property").

4. The Plan indicates an intention to pursue Mortgage Modification Mediation ("MMM"), however, to date, the Debtor has not yet filed a Motion for Referral to MMM. The Debtor cannot modify the subject loan documents solely through plan treatment. Pursuant to 11 U.S.C. § 1322(b)(2), the terms of the original Note and Mortgage shall remain in full force and

effect unless and until there has been a judicial determination and approval of a loan modification offered after completion of a loan modification review, if the MMM motion is appropriately and timely filed.

5. The deadline for creditors to file a claim is November 16, 2018.

6. Secured Creditor anticipates timely filing its secured proof of claim which will reflect an estimated total secured claim amount of $459,218.59, with an estimated pre-petition arrearage amount of $53,409.73, and denoting the current on-going mortgage payment of $2,016.84.

7. The Plan fails to denote any proposed amount to be paid towards the pre-petition arrearages due and owing to Secured Creditor when in fact the approximate estimated amount of the pre-petition arrearage due to Secured Creditor is $53,409.73.  Therefore, the Plan is not in compliance with the requirements of 11 U.S.C. §§ 1322(b)(3) and 1325(a)(5) and cannot be confirmed.

8. Secured Creditor objects to any plan which proposes to pay it anything less than $53,409.73 as the pre-petition arrearage payable in equal monthly payments over the life of the plan.

9. Secured Creditor retains the right to inquire further into the Debtor's eligibility for loss mitigation options.

10. If mediation is conducted in this case and no agreement is reached between the parties, Secured Creditor's claim should be paid in full or the property surrendered to Secured Creditor and the automatic stay terminated *in rem* with respect to the collateral real property.

11. Debtor's plan should also account for future tax and insurance obligations.

12. Secured Creditor reserves the right to supplement this Objection.

**WHEREFORE**, Secured Creditor respectfully requests that this Honorable Court sustain its Objection to Confirmation, deny confirmation of the Debtor's proposed Chapter 13 Plan, and for any such other relief that the Court deems just and proper.

**Dated this 9th day of November, 2018.**

        Respectfully submitted,

        **GHIDOTTI | BERGER, LLP**
        *Attorneys for Secured Creditor*
        3050 Biscayne Blvd. - Suite 402
        Miami, Florida 33137
        Telephone: (305) 501.2808
        Facsimile: (954) 780.5578

        By:   /s/ Chase A. Berger
              Chase A. Berger, Esq.
              Florida Bar No. 083794
              cberger@ghidottiberger.com

## CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)(1)

I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

        By:   /s/ Chase A. Berger
              Chase A. Berger, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day, either via transmission of Notice of Electronic Filing generated by CM/ECF or by first class U.S. Mail, upon:

*Debtor*
**Victoria Marie Curatola**
12384 Easthaven Drive
Spring Hill, FL 34609

*Debtor's Counsel*
**David Thorpe, Esq.**
7819 N. Dale Mabry Hwy, Suite 108
Tampa, FL 33614

*Trustee*
**Kelly Remick**
Chapter 13 Standing Trustee
Post Office Box 6099
Sun City, FL 33571

*U.S. Trustee*
**United States Trustee - TPA7/13, 7**
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

By: /s/ Chase A. Berger
      Chase A. Berger, Esq.